STAMPER ET AL., APPELLANTS, *v.* PARR-RUCKMAN HOME TOWN MOTOR SALES, INC., APPELLEE.

(No. 70-72—Decided January 6, 1971.)

*Messrs. Lutz & Inscore* and *Mr. Larry L. Inscore*, for appellants.

*Mr. George V. Sauter,* for appellee.

SCHNEIDER, J.   Appellee acquired the automobile in question as a trade-in from one Adkins, who testified that he had driven it to the appellee's lot and had not suffered any transmission or starting problems.   Sometime after appellee's purchase of the car, the automatic transmission became inoperable.   Although the engine could be started, the car would not move.   In addition, as a result of faulty wiring, the neutral switch on the car was defective, which meant that the engine would start in any gear.

Appellee later sold the same vehicle for $250, "as is," to Willard Stamper, who was 19 years of age but represented himself to be 21.   Prior to making the sale, appellee advised Willard only that the automobile would not move because the transmission was defective.   Willard intended to have a mechanic put the car in an operable condition.   There was no evidence that, at the time of the sale, either party was aware of the defective neutral switch.

After the sale, either Willard or an employee of the appellee (the evidence is not clear) tinkered with the transmission rods underneath the automobile which resulted in the car becoming operable.   Willard then tested the vehicle on the lot by driving it in both forward and reverse gears, then borrowed a set of dealer's plates and drove the automobile home.

Upon arriving at his residence, which was also the home of the appellants, Willard asked his sister-in-law to go for a ride with him. This time the car would not start. Willard attempted to get the car started by moving another car in front of his and attaching battery cables between the two cars. Sarah stood partially between the automobiles holding the jumper cables in place. When Willard tried to start the car this time it leaped forward, crushing Sarah between the two cars and severely fracturing her right leg.

Jurisdiction was taken of this case on at least the implied representation that the two defects in the vehicle were interrelated or interconnected. Upon argument of the case on its merits, it became clear that the only connection between the defect which was discovered on the lot and rectified, and the defect which caused the injury, was that both involved the transmission mechanism.

It has long been the rule that: "To establish actionable negligence it is fundamental that the one seeking recovery must show the existence of a duty on the part of the one sued not to subject the former to the injury complained of, a failure to observe such duty, and an injury resulting proximately therefrom." *Baier* v. *Cleveland Ry. Co.* (1937), 132 Ohio St. 388, 391. Accord, *Bennison* v. *Transit Co.* (1966), 5 Ohio St. 2d 122, 125.

A substantial gap exists between the duty of care owed to a purchaser by a manufacturer of new cars and the duty of care owed by a dealer selling used cars. A manufacturer of automobiles is liable for damages resulting from "defects in the vehicle he has fabricated or assembled and placed on the market and which defects he should have discovered in the exercise of due diligence." *Thrash* v. *U-Drive-It Co.* (1953), 158 Ohio St. 465, 471. Accord, *MacPherson* v. *Buick Motor Co.* (1916), 217 N. Y. 382, 111 N. E. 1050.

On the other hand, a dealer in used cars presents a wholly different situation. As a new car is used over a period of time it acquires certain weaknesses and imperfections, some of which are conspicuous, while others are

4

not. Unlike a manufacturer, who builds an automobile with new parts which he or a subcontractor has produced, a used car dealer acquires an old automobile, which is made up of worn parts, "as is," and sometimes sells it to the purchaser "as is." Thus, in so selling the car, a used car dealer is not to be held to the same standard of care as that applicable to a manufacturer.

Where a used car dealer sells a vehicle "as is" he is under a duty to use ordinary care to warn the purchaser of defects of which he has, or by the exercise of reasonable care, should have, knowledge; but he is not an insurer, and hence is not liable to a third party as a result of latent defects in the vehicle. *Thrash* v. *U-Drive-It Co., supra* (158 Ohio St. 465). See, generally, 8 American Jurisprudence 2d 210, *Automobiles and Highway Traffic,* Sections 654 *et seq.*; 78 A. L. R. 2d 485, Section 5(b); 6 A. L. R. 3rd 28-34, Sections 5 and 6.

In an automobile equipped with an automatic transmission, it is ordinarily impossible to start the engine while the car is "in gear." It is a highly unusual situation where there exists a defective neutral switch which allows the car to be started "in gear." Therefore, a defectively wired neutral switch on such a used automobile, which permits starting the engine when the car is "in gear," is a latent defect, is not easily discoverable, and is a flaw about which a dealer cannot reasonably be required to have knowledge.

Here, there was no failure on the part of the appellee to comply with the duty of care that he owed the appellants. No error being found in the judgment of the Court of Appeals, that judgment is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, DUNCAN, HOLMES, STERN and LEACH, JJ., concur.

HOLMES, J., of the Tenth Appellate District, sitting for CORRIGAN, J.