DECISION AND JUDGMENT ENTRY
{¶ 1} Appellees, Fred Galla and Melco, Inc., filed a motion to dismiss a portion of the appeal filed by plaintiffs-appellants, Todd, Amanda, Timothy and Laurel Davis. *Page 2 
The Davises filed a memorandum in opposition to the motion and appellees filed a reply in support of their motion.
 {¶ 2} This case has its origins in an automobile accident in which the members of the Davis family were injured when their vehicle was rear-ended by a vehicle driven by Fred Galla. At the time of the accident, Galla was an employee of Melco, Inc. and was driving a vehicle owned by his employer. The Davises filed a complaint against Galla and Melco, Inc. in connection with this accident. During the course of the litigation, the trial court issued an order, dated April 11, 2008, granting defendants' motion for a Civ. R. 35 exam of plaintiff Amanda Davis. Subsequently, on April 26, 2008, Melco, Inc. was granted summary judgment by the trial court judge and dismissed from the case in an order which contains a Civ. R. 54(B) determination that there is no just cause for delay. The basis of this summary judgment ruling is that Galla was not acting in the scope of his employment when the collision occurred. Therefore, the court found that Melco, Inc. is not vicariously liable for the plaintiffs' injuries under the doctrine of respondeat superior. The Davises filed a notice of appeal from these April 11 and 26, 2008 orders.
 {¶ 3} In their motion to dismiss, appellees state that the trial court's order granting the motion for a Civ. R. 35 examination of Amanda Davis is not a final appealable order and that portion of this appeal must be dismissed. The Supreme Court of Ohio has held that a ruling on Civ. R. 35 motion is not a final appealable order. Nickel v. Carter,104 Ohio St.3d 542, 2004-Ohio-6776 and Myers v. Toledo, 110 Ohio St.3d 218,2006-Ohio-4353. *Page 3 
 {¶ 4} In their memorandum in opposition to the motion to dismiss, the Davises argue that because the order granting Melco, Inc.'s motion for summary judgment is final and appealable by virtue of the trial court's Civ. R. 54(B) determination that there is no just reason for delay, the Civ. R. 35 discovery order merges into the final summary judgment order and becomes immediately appealable. In support of this merger argument, appellants cite Horner v. Toledo Hosp. (1993), 94 Ohio App.3d 282, 289
("The * * * court has complete control over its interlocutory orders until the entry of a final judgment into which they are merged. An appeal from the final judgment would, therefore, bring up all interlocutory rulings affecting the rights finally adjudged. * * * All interlocutory orders and decrees are merged in the final judgment.' 9 Moore, supra, at 194-196, Section 110.18; see, also, id., at 49-54, Section 110.08[1]; * * *.") and DiLacqua v. DiLacqua (1993),88 Ohio App.3d 48, 57 ("Interlocutory orders are not `non-appealable' as Ms. DiLacqua has suggested; rather, they are not immediately appealable: `Since they are not final orders, as defined in R.C. 2505.02, interlocutory orders are not appealable under R.C. 2505.03. This does not mean that they are not appealable at all-claimed prejudicial error with respect to an interlocutory order may be reviewed on appeal after a judgment, decree, or final order is entered in the case in which the interlocutory order was entered.' Whiteside, Ohio Appellate Practice (1991) 34-35.")
 {¶ 5} In response to this argument, appellees state that the merger doctrine does not apply in this case because the order granting summary judgment against Melco, Inc. does not terminate the entire case. In support, appellees cite Lingo v. Ohio Cent. R.R., *Page 4 
10th Dist. No. 05AP-206, 2006-Ohio 2268, ¶ 17 ("Once a final judgment is issued terminating a case, all interlocutory orders are merged into the final judgment. Bard v. Society Natl. Bank (Sept. 10, 1998), 10th Dist. No. 97AP-1497." [Emphasis added.]) Additionally, appellees argue that the discovery order is not an underlying order to the order granting summary judgment against Melco Inc. and, therefore, it should not be merged into that order. Finally, appellees state in their memorandum that none of the cases cited by appellants to support their merger argument are in the same procedural posture as this case.
 {¶ 6} We find appellees' arguments persuasive. It is clear under Ohio case law that when a final judgment has been entered terminating an entire case, all prior interlocutory orders will merge into the final judgment and be appealable at that time. See Lingo, Bard, andHorner, supra. The law is not so clear when, as in this case, the final judgment being appealed does not terminate an entire case but only terminates the case as to one defendant. In that situation, we find that only prior interlocutory orders which relate in some way to the ruling disposing of the defendant will merge into the final judgment as to that defendant. For example, if a trial court judge makes an interlocutory ruling that certain documents will not be considered in making its decision on a summary judgment motion and subsequently, finding that there is no just reason for delay, the judge grants the summary judgment motion as to one of the defendants, then an appeal from the grant of summary judgment may include an appeal from the interlocutory ruling concerning the consideration of documents. The "documents ruling" will merge *Page 5 
into the final order granting summary judgment. This reasoning is consistent with the outcome in other Ohio cases. See Reaume v.Mendoza (Sept. 14, 2001), 6th Dist. No. F-01-005; Loeschner v. ClarkMaterial Handling Co. (Sept. 16, 1989), 9th Dist. No. 97 CA 006856; andGebhart v. College of Mt. St. Joseph (1995), 106 Ohio App.3d 1.
 {¶ 7} This, however, is not the situation in case before us. In this case, the trial court's grant of summary judgment to Melco, Inc. was based on a finding that the company had no liability in this case. The trial court's order granting defendants' motion for a Civ. R. 35 exam of plaintiff Amanda Davis is not in any way related to the summary judgment ruling. Therefore, we find that Civ. R. 35 order did not merge into a summary judgment order and cannot be appealed at this time.
 {¶ 8} The motion for partial dismissal is granted. This court will not entertain any assignments of error regarding the April 11, 2008 Civ. R. 35 ruling.
Mark L. Pietrykowski P.J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1