DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Stephen Haley, appeals the judgment of the Summit County Court of Common Pleas. This Court dismisses the appeal for lack of a final, appealable order.
 I. {¶ 2} On July 5, 2007, Mr. Haley filed a complaint against Appellee, Kevin Reisinger, alleging four counts, to wit: breach of contract, fraud, conversion, and liability for criminal conduct pursuant to R.C. 2307.60 and 2307.61.
 {¶ 3} On August 28, 2007, Mr. Haley filed a motion for hearing and default judgment pursuant to Civ. R. 55(A). On September 5, 2007, Mr. Reisinger filed an answer.
 {¶ 4} On September 11, 2007, Mr. Haley filed a notice of submission of affidavits and evidence in support of damages in the belief that he was entitled to default judgment. On September 26, 2007, Mr. Haley filed a motion to strike Mr. Reisinger's answer as untimely. On September 28, 2007, the trial court issued an order, denying the motion for default judgment *Page 2 
because Mr. Reisinger had answered the complaint. On October 25, 2007, the trial court issued an order, denying Mr. Haley's motion to strike Mr. Reisinger's answer. On November 6, 2007, Mr. Haley filed a motion to vacate the trial court's order denying the motion to strike Mr. Reisinger's answer. On November 30, 2007, the trial court denied the motion to vacate.
 {¶ 5} On January 17, 2008, Mr. Reisinger filed a letter to the court in which he stated that he was "going to throw [himself] on the mercy of the court[,] *** plead innocent, but *** not pursue the arbitration or actual court case options available to [him]." Mr. Reisinger did not participate further in the proceedings before the trial court. On January 24, 2008, Mr. Haley filed a motion for summary judgment. On February 4, 2008, the trial court granted Mr. Haley leave to file a supplement to his motion for summary judgment to address his standing to pursue his claims as an assignee. Mr. Haley timely filed his supplement. Mr. Reisinger failed to respond in opposition to the motion for summary judgment. On April 21, 2008, the trial court granted summary judgment in favor of Mr. Haley on the counts of breach of contract, fraud and conversion. The trial court, however, found that Mr. Haley had not met his burden in regard to the fourth count alleging civil liability for criminal conduct. Accordingly, although the trial court denied his motion for summary judgment in regard to that claim, it appears that the trial court may have attempted to dismiss the fourth count for Mr. Haley's failure to meet his burden of proof. The trial court referred the matter to the magistrate for a hearing on damages in regard to the first three counts.
 {¶ 6} On June 13, 2008, the magistrate issued a decision, concluding that Mr. Haley was entitled to damages from Mr. Reisinger in the amount of $4000.00, plus costs, on his claims for breach of contract, fraud and conversion. On July 17, 2008, the trial court issued a judgment entry in which it adopted the magistrate's decision. The trial court awarded damages to Mr. *Page 3 
Haley from Mr. Reisinger in the amount of $4000.00, plus interest and costs, and asserted: "This is a final appealable judgment entry. There is no just cause for delay." Mr. Haley timely appealed, raising three assignments of error for review. Mr. Reisinger has not filed an Appellee's brief.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY ALLOWING THE DEFENDANT-APPELLEE TO FILE HIS ANSWER LATE AFTER PLAINTIFF-APPELLANT HAD FILED A MOTION FOR DEFAULT JUDGMENT WITHOUT THE DEFENDANT FILING A MOTION REQUESTING LEAVE OF THE COURT TO FILE THE ANSWER WITH A DEMONSTRATION OF EXCUSABLE NEGLECT PURSUANT TO OHIO CIV.R. 6(B)(2)[.]"
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRORED [sic] AS A MATTER OF LAW BY DENYING PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT FOUR OF THE COMPLAINT WHEN THERE WAS NO GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER PLAINTIFF WAS ENTITLED TO THE STATUTORY REMEDY PURSUANT TO [R.C.] 2307.61(A)(1)(b)(ii) [] BASED UPON THE ADMITTED ADMISSIONS, THE ALLEGATIONS CONTAINED IN THE COMPLAINT AND THE AFFIDAVITS ATTACHED TO THE MOTION FOR SUMMARY JUDGMENT."
 ASSIGNMENT OF ERROR III "DOES THE TRIAL COURT ERROR [sic] AS A MATTER OF LAW IN DENYING PLAINTIFF STANDING TO BRING A CLAIM BY ASSIGNMENT PURSUANT TO [R.C.] 2307.61(A)(1)(b)(ii) []." [sic]
 {¶ 7} Before reaching the merits of this appeal, this Court must determine whether it has jurisdiction to review the order from which Mr. Haley appeals.
 {¶ 8} Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and *Page 4 
appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ. R. 54(B). Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86, 88.
 {¶ 9} R.C. 2505.02(B)(1) states:
 "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is *** [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
This Court has recognized that "an order may not be `final,' within the meaning of Section 2505.02, if it fails to dispose of all claims presented in an action." Gosden Constr. Co., Inc. v. Gerstenslager
(Sept. 13, 1996), 9th Dist. No. 17687.
 {¶ 10} The Ohio Supreme Court has held:
 "Appeal lies only on behalf of a party aggrieved by the final order appealed from. An aggrieved party is one whose interest in the subject matter of the litigation is immediate and pecuniary, and not a remote consequence of the judgment." (Internal quotations and citations omitted.) Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals (2001), 91 Ohio St.3d 174, 177.
 {¶ 11} Mr. Haley's first assignment of error challenges the trial court's denial of his motion to strike Mr. Reisinger's complaint as untimely, his motion for default judgment and his motion to vacate. Those orders, however, were all interlocutory.
 "[W]hen a final judgment has been entered terminating an entire case, all prior interlocutory orders will merge into the final judgment and be appealable at that time. The law is not so clear when, as in this case, the final judgment being appealed does not terminate an entire case ***. In that situation, we find that only prior interlocutory orders which relate in some way to the ruling *** will merge into the final judgment ***." (Internal citations omitted.) Davis v Galla, 6th Dist. No. L-08-1149, 2008-Ohio-3501, at ¶ 6.
 {¶ 12} The final judgment (granting summary judgment as to three claims) from which Mr. Haley appeals does not terminate the entire case, as his liability for criminal conduct claim is still pending in the trial court. While either party could have appealed and challenged the final judgment on Mr. Haley's breach of contract, fraud, and conversion claims, the orders denying the motions for default judgment, to strike the answer, and to vacate necessarily related to all *Page 5 
four counts. Accordingly, those orders did not merge into the final judgment disposing only of the claims for breach of contract, fraud and conversion. Furthermore, Mr. Haley is not an aggrieved party by the order from which he purports to appeal because he prevailed when the trial court granted summary judgment in his favor on those claims.
 {¶ 13} Because the earlier orders do not relate to the ruling disposing solely of three of his four claims, those orders did not merge into the trial court's judgment granting summary judgment on the claims of breach of contract, fraud and conversion. As Mr. Haley argues that he should have been granted default judgment on all his claims, his appeal must be dismissed as an attempt to appeal from a non-final order.
 {¶ 14} Mr. Haley's second assignment of error is a direct attack on the trial court's failure to grant him summary judgment on his criminal conduct claim. An order denying summary judgment is generally not a final appealable order. E.g., Interstate Properties v. PrasannaInc, 9th Dist. Nos. 22734, 22757, 2006-Ohio-2686, at ¶ 20. There is nothing about the denial of summary judgment in this case that removes it from the general rule. That aspect of Mr. Haley's appeal related to his second assignment of error, therefore, must be dismissed as an attempt to appeal from a non-final order.
 {¶ 15} Mr. Haley's third assignment of error relates to an order that he anticipates but that the trial court has not yet entered. Specifically, he has asserted that the trial court "has implied, all though [sic] not directly stated, that a claim made pursuant to § 2307.61(A)(1)(b)(ii) ORC may not be assigned to another in [the] State of Ohio." An attempt to appeal from an order that is anticipated but has not yet been entered is not an appeal from a final appealable order. Accordingly, that aspect of Mr. Haley's appeal related to his third assignment of error must be *Page 6 
dismissed as an attempt to appeal from something other than a final appealable order.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 SLABY, J. DICKINSON, P. J. CONCUR *Page 1