[Cite as *CNT Constr., Inc. v. Bailey*, 2011-Ohio-4640.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96292**

## CNT CONSTRUCTION, INC., ET AL.

PLAINTIFFS-APPELLANTS

vs.

## ANGELA BAILEY, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**DISMISSED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-721902

**BEFORE:** Rocco, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** September 15, 2011

**ATTORNEY FOR APPELLANTS**

Harvey J. McGowan
1245 East 135th Street
East Cleveland, Ohio 44112-2413


**ATTORNEYS FOR APPELLEES**

**For Angela Bailey**

Michael L. Nelson
1700 East 13th Street
Suite 11 SE
Cleveland, Ohio 44114

**For American Eagle Mortgage Corp.**

Joshua E. Lamb
Colella & Weir, P.L.L.
6055 Park Square Drive
Lorain, Ohio 44053

**For Freedom Mortgage Corp.**

Brian C. Lee
Brent S. Silverman
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115-1093


KENNETH A. ROCCO, J.:

{¶ 1}  After obtaining a verdict in their favor on one of the claims they asserted against defendant Angela Bailey, plaintiffs-appellants CNT Construction, Inc. and Charles Ficklin appeal several orders made by the trial court in this case and, apparently, in another case that relate to the remaining defendants, i.e., defendants-appellees American Eagle Mortgage Corporation ("AEM"), and Freedom Mortgage Corporation ("FMC").

{¶ 2}  Appellants present eleven assignments of error.  However, since this court lacks jurisdiction to consider them, this appeal is dismissed.  A brief outline of the facts illustrates the foregoing conclusion.

{¶ 3}  Appellants performed renovation work on Bailey's home after she obtained a mortgage loan through the Federal Housing Authority's rehabilitation loan program.  AEM provided the loan agreement Bailey signed, and subsequently sold the servicing rights to FMC.  FMC sent a check to Bailey for the final "draw" amount, but Bailey never paid that amount to appellants.

{¶ 4}  Appellants originally filed an action against only Bailey for breach of contract; this was Case No. CV-671460.  The docket of that case reflects that, after Bailey answered and filed counterclaims, the matter proceeded to arbitration and the panel found in favor of appellants.  However, since appellants were not able to collect on their judgment, they

subsequently entered into a settlement agreement with Bailey. On this basis, the parties dismissed their claims against each other in September 2009. When the agreement failed, the trial court again took over the case. In February 2010, the parties again dismissed that action.[1]

**{¶ 5}** In April 2010, appellants filed the instant action against Bailey, AEM, and FMC.

**{¶ 6}** Appellants asserted the following claims against Bailey: 1) breach of contract; 2) unjust enrichment; 3) detrimental reliance; and, 4) tortious interference with property rights. Appellants presented the following claims against the appellees: 1) breach of contract; 2) negligence; 3) "willful, wanton, reckless [actions], * * * [with] inten[t] to cause Plaintiffs harm * * * "; and, 4) civil conspiracy.

**{¶ 7}** Bailey answered appellants' complaint and asserted a counterclaim for breach of contract.[2] AEM filed a Civ.R. 12(B)(6) motion to dismiss the complaint. FMC answered the complaint and asserted cross-claims against Bailey for indemnification and contribution.

**{¶ 8}** The trial court granted AEM's motion to dismiss. A short time

---

[1]Thus, pursuant to Civ.R. 41(A)(1)(b), appellants' second dismissal of his claim against Bailey operated as a final adjudication.

[2]Bailey did not assert res judicata as an affirmative defense. Civ.R. 8(C).

later, FMC filed a motion for summary judgment. FMC supported its motion with an affidavit, several documents, a copy of appellant Ficklin's deposition testimony, and a copy of the arbitration award made by the panel in CV–671460.

{¶ 9} Appellants filed an opposition brief that was supported by several exhibits. They also filed a copy of Bailey's deposition testimony. Nevertheless, the trial court granted summary judgment to FMC on appellants' claims. FMC subsequently dismissed its cross-claims against Bailey.

{¶ 10} Approximately two weeks later, appellant Ficklin, proceeding pro se, filed a motion for reconsideration of the trial court's order of summary judgment in FMC's favor. FMC filed an opposition brief. The trial court thereafter denied Ficklin's motion.

{¶ 11} The case proceeded to trial.[3] At the conclusion of trial, the court issued an order that states in pertinent part:

{¶ 12} "* * * [J]ury returns a verdict in favor of Plaintiffs * * * and against the Defendant, Angela Bailey, on Plaintiffs' *claim of breach of contract* in the amount of $20,905.00. Jury returns a verdict in favor of

---

[3]Since appellants filed this appeal pursuant to App.R. 9(A), no transcript of the trial is included in the record.

Defendant Angela Bailey and against the Plaintiffs on [Bailey's] counterclaim of breach of contract in the amount of $1,500.00. * * * . There is no just reason for delay. * * * ." (Emphasis added.)

{¶ 13} Appellants instituted this appeal upon the trial court's entry of the foregoing order. In their assignments of error, appellants present arguments that relate to their original case, CV-671460, and to orders issued by the trial court relating to AEM and FMC.[4] This court cannot address any of appellants' assignments of error.

{¶ 14} Pursuant to App.R. 4(A) and 12(A)(1)(a), appellants cannot appeal from any decision the trial court entered in CV-671460, because their notice of appeal does not refer to it, and an appeal from that case would not have been timely-filed. *Bosco v. Euclid* (1974), 38 Ohio App.2d 40, 311 N.E.2d 870.

{¶ 15} In addition, appellants have not obtained a final order in this case, since claims remain pending. The Ninth Appellate District made the following pertinent observations in *Haley v. Reisinger*, Summit App. No. 24376, 2009-Ohio-447:

{¶ 16} "Section 3(B)(2), Article IV of the Ohio Constitution limits * * *

---

[4]Appellants' assignments of error are attached as an "Appendix" to this opinion.

appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64.

{¶ 17} "R.C. 2505.02(B)(1) states:

{¶ 18} "'An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]'

{¶ 19} "This Court has recognized that 'an order may not be "final," within the meaning of Section 2505.02, if it fails to dispose of all claims presented in an action.' *Gosden Constr. Co., Inc. v. Gerstenslager* (Sept. 13, 1996), 9th Dist. No. 17687.

{¶ 20} "The Ohio Supreme Court has held:

{¶ 21} " 'Appeal lies only on behalf of a party aggrieved by the final order appealed from. An aggrieved party is one whose interest in the subject matter of the litigation is immediate and pecuniary, and not a remote consequence of the judgment.' (Internal quotations and citations omitted.) *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals* (2001), 91 Ohio St.3d 174, 177, [2001-Ohio-24,] 743 N.E.2d 894.

{¶ 22} " * * * [Appellant] is *not an aggrieved party by the order from which he purports to appeal because he prevailed * * * on those claims.*

{¶ 23} "Because *the earlier orders do not relate to the ruling disposing solely of three of his four claims, those orders did not merge into the trial court's judgment * * * As [appellant] argues that he should have [prevailed] on all his claims, his appeal must be dismissed as an attempt to appeal from a non-final order." (Emphasis added.)

{¶ 24} Similarly, in this case, appellants prevailed on one of their claims against Bailey, but two of their claims against her are unresolved, viz., detrimental reliance, and tortious interference with property rights. The trial court's earlier orders relate to appellees, the other defendants in this action.

{¶ 25} As to the appellees, this court adheres to the following analysis:

{¶ 26} " * * * It is clear under Ohio case law that when a final judgment has been entered terminating an *entire* case, all prior interlocutory orders will merge into the final judgment and be appealable at that time. [Citations omitted.] The law is not so clear when, as in this case, *the final judgment being appealed does not terminate an entire case * * * .* In that situation, we find that only prior interlocutory orders *which relate in some way to the ruling disposing of the defendant* will merge into the final judgment *as to that*

*defendant."  Davis v. Galla*, Lucas App. No. L-08-1149, 2008-Ohio-3501, ¶6. (Emphasis added.)

{¶ **27**} Appellants in this case attempt to appeal from judgments that do not relate to Bailey, but   Bailey was the only defendant named in the latest order, and appellants prevailed in that order.   Therefore, the phrase "no just reason for delay" cannot serve to make that order a final one.   *Chef Italiano*, at 89.   ("[S]ince the   * * * order did not determine Chef Italiano's claim and prevent it from obtaining a judgment against Testa, it is not a final, appealable order pursuant to R.C. 2505.02 regardless of the presence of Civ.R. 54(B) language.").

{¶ **28**} Appellants are not prevented from obtaining a judgment on their remaining claims against Bailey, so any appeal from interlocutory orders that relate to AEM and FMC is premature.   Id., at 89-90.   ("Since the [earlier] judgment did not expressly determine that there is 'no just reason for delay,' th[at] order, though final [as to that defendant], is not appealable.")

{¶ **29**} Under such circumstances as those presented in this case, this court lacks jurisdiction to entertain appellants' appeal.   Id.   This appeal, accordingly, is dismissed.

It is ordered that appellants pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, J., CONCUR

## **APPENDIX**

FIRST ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR AMERICAN EAGLE MORTGAGE COMPANY AND FREEDOM MORTGAGE COMPANY AS THE ACTIONS OF THESE DISMISSED DEFENDANT-APPELLEES WERE IN VIOLATION OF THE 203(K) REGULATIONS GOVERNING THE MORTGAGE LOAN AND THE CONSTRUCTION REPAIRS BY THE PLAINTIFFS.

SECOND ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO AMERICAN EAGLE MORTGAGE CORPORATION AS CONSIDERING THE MATTER MOST FAVORABLY AGAINST THE MOVING PARTY, THE DEFENDANT-APPELLEE AMERICAN EAGLE MORTGAGE CORPORATION WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW AS SUBSTANTIAL, UNRESOLVED DISPUTED FACT EXISTED.

THIRD ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO FREEDOM MORTGAGE CORPORATION AS CONSIDERING THE MATTER MOST FAVORABLY AGAINST THE MOVING PARTY THE DEFENDANT-APPELLEE FREEDOM MORTGAGE CORPORATION WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW AS SUBSTANTIAL, UNRESOLVED DISPUTED FACT EXISTED.

FOURTH ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE FREEDOM MORTGAGE CORPORATION AS THERE WERE CLEARLY TWO INTERPRETATIONS OF THE DISPUTED LANGUAGE. THE TRIAL COURT ERRED IN FINDING THAT 'FREEDOM MORTGAGE DID NOT BREACH A CONTRACT WITH CNT CONSTRUCTION AS THE PARTIES NEVER ENTERED A CONTRACT AND HEREBY GRANT SUMMARY JUDGMENT IN FAVOR OF FREEDOM MORTGAGE ON THE BREACH OF CONTRACT CLAIM.'

FIFTH ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE FREEDOM MORTGAGE CORPORATION AS THERE WERE CLEARLY TWO INTERPRETATIONS OF THE DISPUTED LANGUAGE. THE TRIAL COURT ERRED IN FINDING THAT 'THE COURT ORDER FINDS THAT DEFENDANT FREEDOM MORTGAGE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE NEGLIGENCE CLAIM.' TO ESTABLISH A CLAIM FOR NEGLIGENCE THERE MUST BE THE EXISTENCE OF A DUTY ON THE PART OF THE DEFENDANT. STANFORD. PAR-RUCHMAN HOME TOWN MOTOR SALES, INC. (1971) 25 Ohio St.2d 1.

SIXTH ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE FREEDOM MORTGAGE CORPORATION AS THERE WERE CLEARLY TWO INTERPRETATIONS OF THE DISPUTED LANGUAGE. THE TRIAL COURT ERRED IN FINDING THAT 'THE HUD CONTRACT SPECIFICALLY PROVIDES THAT FREEDOM MORTGAGE MAY MAKE THE CHECK IN QUESTION

PAYABLE TO THE BORROWER AND/OR THE CONTRACTOR THEREBY AUTHORIZING FREEDOM MORTGAGE TO MAKE THE CHECK PAYABLE TO ANGELA BAILEY ONLY. REHABILITATION LOAN AGREEMENT, PARAGRAPH 4. PLAINTIFF MAY NOT IMPLY A DUTY TO MAKE THE CHECK PAYABLE TO BOTH CNT CONSTRUCTION AND ANGELA BAILEY WHEN THERE IS A SPECIFIC PROVISION IN THE CONTRACT ALLOWING FREEDOM MORTGAGE TO MAKE THE CHECK PAYABLE TO ANGELA BAILEY ONLY.'

SEVENTH ASSIGNMENT OF ERROR

"THE TRIAL JUDGE ERRED IN CASE NO.: CV-671460 BY FAILING TO HOLD THE FUNDS RELEASED PURSUANT TO THE COURTS ORDER SUBSEQUENTLY VACATED. THE TRANSCRIPT THEREOF WAS FILED AND MADE A PART OF THE COURT RECORD IN CASE NO.: CV-10-721902 AND IS RELEVANT HERETO BY INCORPORATION THEREBY.

EIGHTH ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED BY NOT RECUSING HIMSELF IN CASE NO.: CV-10-721902 WHEN THE COURT HAD BEEN PRESIDING OVER AND WAS A PARTICIPANT OF THE SETTLEMENT ACTIONS (SUBSEQUENTLY VACATED) IN CASE NO.: CV-671460. THE DEFENDANT, ANGELA BAILEY WAS ONLY ABLE TO OBTAIN THE FUNDS DUE TO THE PLAINTIFF/APPELLANT BY THE ENTRY OF THE COURT THAT PROVIDED AS FOLLOWS: '...that the parties have agreed Defendant, Angela Bailey shall pay to CNT Construction, et al. The check from Freedom Mortgage ($20,905.50) by Fri 9/18/09 through Defendant Counsel IOLTA. All other claims and counterclaims dismissed with prejudice. Parties will sign mutual releases. Both parties acknowledge they are accepting this settlement with full understanding and willingly...'

NINTH ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN GRANTING THE SUMMARY JUDGMENT TO EITHER AMERICAN EAGLE MORTGAGE COMPANY

AND/OR FREEDOM MORTGAGE CORPORATION FOR REASONS INCLUDING THAT THE ONLY REPRESENTATIVE OF EITHER DEFENDANT-APPELLEE WAS THEIR MUTUAL EMPLOYEE, JOE HOWARD WHO ORIGINATED THE CONTROL OF THE MORTGAGE WITH AMERICAN EAGLE AND CONTINUED TO HIS CONTROL OF THE MORTGAGE WITH FREEDOM MORTGAGE CORPORATION. THE TRIAL COURT WAS FURTHER IN ERROR IN NOT FINDING THAT THIS WAS A DUAL AGENCY LEAVING BOTH MORTGAGE COMPANIES RESPONSIBLE EVEN THOUGH THE 'DUAL AGENCY WAS NEVER DISCLOSED.'

TENTH ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEES' AMERICAN EAGLE CORPORATION AND/OR FREEDOM MORTGAGE CORPORATION HOLDING NEITHER RESPONSIBLE FOR THE ACTIONS THAT OCCURRED IN SPITE OF THE FACTS THAT THE SALE OF THE MORTGAGE DOCUMENTS LEFT FREEDOM MORTGAGE COMPANY RESPONSIBLE TO INDEMNIFY AMERICAN EAGLE MORTGAGE CORPORATION FOR THE LIABILITIES THAT ARE ADDRESSED WITHIN THE LITIGATION IN THIS CASE.

ELEVENTH ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEES' FREEDOM MORTGAGE CORPORATION AND/ OR FREEDOM MORTGAGE CORPORATION WHO RELEASED THE FUNDS DIRECT TO DEFENDANT, ANGELA BAILEY PURSUANT TO AN ORDER OF THE COURT ORIGINATING IN CASE NO.: CV-671460 AND SUBSEQUENTLY VACATED BY THE COURT WHEN IT WAS UNDISPUTED THAT PLAINTIFF/APPELLANTS DID ALL OF THE WORK ON THE PROPERTY AND REMAIN UNPAID TO DATE."