[Cite as *CNT Construction, Inc. v. Bailey*, 2012-Ohio-2312.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97532**

# CNT CONSTRUCTION, INC., ET AL.

PLAINTIFFS-APPELLANTS

vs.

# ANGELA BAILEY, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-721902

**BEFORE:** Kilbane, J., Celebrezze, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** May 24, 2012

**ATTORNEY FOR APPELLANTS**

Harvey J. McGowan
1245 East 135th Street
East Cleveland, Ohio 44112-2413

**ATTORNEYS FOR APPELLEES**

**For Angela Bailey**

Michael L. Nelson
4415 Euclid Avenue, Suite 332
Cleveland, Ohio 44103

**For American Eagle Mortgage Corp.**

Joshua E. Lamb
Colella & Weir, P.L.L.
6055 Park Square Drive
Lorain, Ohio 44053

**For Freedom Mortgage Corp.**

Brian C. Lee
Brent S. Silverman
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue - West
Cleveland, Ohio 44115-1093

MARY EILEEN KILBANE, J.:

{¶1} Plaintiffs-appellants, CNT Construction, Inc. and Charles Ficklin (collectively referred to as "appellants"), appeal the trial court's judgments granting summary judgment in favor of defendant-appellee, Freedom Mortgage Corp. ("FMC"), and a motion to dismiss in favor of defendant-appellee, American Eagle Mortgage Corp. ("AEM"). Finding no merit to the appeal, we affirm.

{¶2} In March 2010, appellants filed a complaint against Angela Bailey ("Bailey"), AEM, and FMC, arising from renovation work appellants performed on Bailey's home after she obtained a mortgage loan through the Federal Housing Authority's rehabilitation loan program. AEM provided the loan agreement that Bailey signed. AEM subsequently sold the servicing rights to FMC. FMC sent a check to Bailey for the third and final installment, but Bailey never paid that amount to appellants.

{¶3} Appellants' complaint asserted the following causes of action against Bailey: (1) breach of contract, (2) unjust enrichment, (3) detrimental reliance, and (4) tortious interference with property rights. Appellants presented the following claims against AEM and FMC: (1) breach of contract and (2) negligence.

{¶4} Bailey answered appellants' complaint and asserted a counterclaim for breach of contract. AEM filed a Civ.R. 12(B)(6) motion to dismiss appellants' complaint, which the trial court granted in September 2010. In July 2010, FMC answered the complaint and asserted cross-claims against Bailey for indemnification and

contribution. In October 2010, FMC filed a motion for summary judgment. FMC supported its motion with several documents, including an affidavit, Ficklin's deposition testimony, and a copy of the arbitration award made by the panel in Case No. CV-671460.[1] Appellants filed an opposition brief that was supported by several exhibits. The trial court granted FMC's motion for summary judgment in November 2010. FMC subsequently dismissed its cross-claims against Bailey.

{¶5} The matter proceeded to jury trial in December 2010. At the conclusion of trial, the court issued an order stating that:

> Jury returns a verdict in favor of the Plaintiffs, CNT Construction and Charles Ficklin, and against the Defendant Angela Bailey on Plaintiffs' claim of breach of contract in the amount of $20,905.00. Jury returns a verdict in favor of the Defendant Angela Bailey and against the Plaintiffs on Defendant's counterclaim of breach of contract in the amount of $1,500.00. * * * Final. There is no just reason for delay.

{¶6} Appellants then appealed from this order in *CNT Constr. Inc. v. Bailey*, 8th Dist. No. 96292, 2011-Ohio-4640. In that appeal, appellants presented arguments relating to their original case, Case No. CV-671460, and to orders issued by the trial court relating to AEM and FMC. However, we dismissed the appeal for lack of a final, appealable order. *Id.* at ¶ 29. We found that:

---

[1]In Case No. CV-671460, appellants originally filed an action against Bailey only for breach of contract. This matter proceeded to arbitration and the panel found in favor of appellants. However, because appellants were not able to collect on their judgment, they subsequently entered into a settlement agreement with Bailey. On this basis, the parties dismissed their claims against each other in September 2009. When the agreement failed, the trial court took over the case again. In February 2010, the parties again dismissed that action. *See CNT Constr. Inc. v. Bailey*, 8th Dist. No. 96292, 2011-Ohio-4640, ¶ 4.

Appellants * * * attempt to appeal from judgments that do not relate to Bailey, but Bailey was the only defendant named in the latest order, and appellants prevailed in that order. Therefore, the phrase "no just reason for delay" cannot serve to make that order a final one. * * *

Appellants are not prevented from obtaining a judgment on their remaining claims against Bailey, so any appeal from interlocutory orders that relate to AEM and FMC is premature. * * * *Id.* at ¶ 27-28.

{¶7} Upon remand, appellants filed a motion for a final, appealable order against Bailey, AEM, and FMC. The trial court granted the motion and issued a new order, stating that:

Jury returns a general verdict in favor of the Plaintiffs, CNT Construction and Charles Ficklin, and against the Defendant Angela Bailey on Plaintiffs' claims in the amount of $20,905.00. Jury returns a verdict in favor of the Defendant Angela Bailey and against the Plaintiffs on Defendant's counterclaims in the amount of $1,500.00. * * * Final. There is no just reason for delay.

{¶8} Subsequently, appellants appealed from this order, in conjunction with the trial court's orders of September 1, 2010, granting AEM's motion to dismiss and November 30, 2010, granting FEM's motion for summary judgment.

{¶9} Appellants raise the following 11 assignments of error for our review, which shall be discussed together where appropriate.

## ASSIGNMENT OF ERROR ONE

The trial court erred in granting summary judgment for [AEM and FMC] as the actions of these dismissed defendant[s]-appellees were in violation of the 203(k) regulations governing the mortgage loan and the construction repairs by the plaintiffs.

## ASSIGNMENT OF ERROR TWO

The trial court erred in granting summary judgment to [AEM] as considering the matter most favorably against the moving party, the defendant-appellee [AEM] was not entitled to judgment as a matter of law as substantial, unresolved disputed fact existed.

## ASSIGNMENT OF ERROR THREE

The trial court erred in granting summary judgment to [FMC] as considering the matter most favorably against the moving party the defendant-appellee [FMC] was not entitled to judgment as a matter of law as substantial, unresolved disputed fact existed.

## ASSIGNMENT OF ERROR FOUR

The trial court erred in granting summary judgment to defendant-appellee [FMC] as there were clearly two interpretations of the disputed language. The trial court erred in finding that "freedom mortgage did not breach a contract with CNT Construction as the parties never entered a contract and hereby grant summary judgment in favor of [FMC] on the breach of contract claim."

## ASSIGNMENT OF ERROR FIVE

The trial court erred in granting summary judgment to defendant-appellee [FMC] as there were clearly two interpretations of the disputed language. The trial court erred in finding that "the court order finds that defendant freedom mortgage is entitled to judgment as a matter of law on the negligence claim." To establish a claim for negligence there must be the existence of a duty on the part of the defendant. *Stanford v. Par–Ruchman Home Town Motor Sales, Inc.,* [25 Ohio St.2d 1, 265 N.E.2d 785 (1971)].

## ASSIGNMENT OF ERROR SIX

The trial court erred in granting summary judgment to defendant-appellee [FMC] as there were clearly two interpretations of the disputed language. The trial court erred in finding that "the HUD contract specifically provides that [FMC] may make the check in question payable to the borrower and/or the contractor thereby authorizing freedom mortgage to make the check payable to Angela Bailey only. Rehabilitation loan agreement, paragraph 4. Plaintiff may not imply a duty to make the check payable to both CNT Construction and Angela Bailey when there is a specific provision in the contract allowing [FMC] to make the check payable to Angela Bailey only."

## ASSIGNMENT OF ERROR SEVEN

The trial judge erred in Case No.: CV-671460 by failing to hold the funds released pursuant to the [court's] order subsequently vacated. The transcript thereof was filed and made a part of the court record in Case No.: CV-10-721902 and is relevant hereto by incorporation thereby.

## ASSIGNMENT OF ERROR EIGHT

The trial court erred by not recusing himself in Case No.: CV-10-721902 when the court had been presiding over and was a participant of the settlement actions (subsequently vacated) in Case No.: CV-671460. The defendant, Angela Bailey was only able to obtain the funds due to the plaintiff/appellant by the entry of the court that provided as follows: "* * * that the parties have agreed Defendant, Angela Bailey[,] shall pay to CNT Construction, et al. The check from [FMC] ($20,905.50) by Fri 9/18/09 through Defendant Counsel['s] IOLTA. All other claims and counterclaims dismissed with prejudice. Parties will sign mutual releases. Both parties acknowledge they are accepting this settlement with full understanding and willingly * * *."

## ASSIGNMENT OF ERROR NINE

The trial court erred in granting the summary judgment to either [AEM] and/or [FMC] for reasons including that the only representative of either defendant-appellee was their mutual employee, Joe Howard who originated the control of the mortgage with [AEM] and continued [to control] the mortgage with [FMC]. The trial court was further in error in not finding that this was a dual agency leaving both mortgage companies responsible even though the "dual agency was never disclosed."

## ASSIGNMENT OF ERROR TEN

The trial court erred in granting summary judgment to defendant-appellees' [AEM] and/or [FMC] holding neither responsible for the actions that occurred in spite of the facts that the sale of the mortgage documents left [FMC] responsible to indemnify [AEM] for the liabilities that are addressed within the litigation in this case.

## ASSIGNMENT OF ERROR ELEVEN

The trial court erred in granting summary judgment to defendant-appellees' [AEM] and/ or [FMC] who released the funds direct to defendant, Angela Bailey pursuant to an order of the court originating in Case No.: CV-671460 and subsequently vacated by the court when it was undisputed that plaintiff[s]/appellants did all of the work on the property and remain unpaid to date.

App.R. 12

**{¶10}** We initially note that appellants' third, fourth, fifth, sixth, ninth, and tenth assignments of error essentially state that the trial court erred in granting "summary judgment" to FMC or AEM because there are two interpretations of the disputed language, there was a dual agency, and appellants completed the work on Bailey's property but have not been paid. In these assigned errors, however, appellants either cite authority without presenting any legal argument, cite to testimony without presenting any legal argument, or state that "[a]ll arguments presented herein previously presented are incorporated herein as if fully rewritten."

**{¶11}** App.R. 12(A)(1)(b) directs this court to determine the merits of appeals "on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(2) further provides that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

**{¶12}** It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error. *State v. McGuire*, 12th Dist. No. CA95-01-001, 1996 WL 174609 (Apr. 15, 1996). "'An appellate court is not a

performing bear, required to dance to each and every tune played on an appeal.'" *State v. Watson*, 126 Ohio App.3d 316, 317, 710 N.E.2d 340 (12th Dist.1998), quoting *McGuire*. Because appellants failed to argue these assigned errors, we decline to address them. *See N. Coast Cookies v. Sweet Temptations*, 16 Ohio App.3d 342, 343-344, 476 N.E.2d 388 (8th Dist.1984).

{¶13} Accordingly, the third, fourth, fifth, sixth, ninth, and tenth assignments of error are overruled.

FMC

{¶14} In the first assignment of error, appellants argue that the trial court erred when it granted FMC's motion for summary judgment.

{¶15} We review and appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998), the Ohio Supreme Court set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.

{¶16} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996).  Doubts must be resolved in favor of the nonmoving party.  *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶17} Appellants argue the trial court misinterpreted Paragraph 4 of the Rehabilitation Loan Agreement, which provides in pertinent part that:

> Lender shall release the escrowed funds by check, payable to the Borrower and/or the contractor or other appropriate payee who performed the work and supplied the material in connection with this Agreement, at such times, as the stages of construction are completed.

{¶18} Appellants claim that Paragraph 4 is subject to more than one interpretation of the authorization for release of funds.  As such, appellants argue summary judgment was improperly granted.  On the other hand, FMC argues the trial court properly granted summary judgment as no contract ever existed between appellants and FMC.  We find FMC's argument more persuasive.

{¶19} In granting FMC's motion for summary judgment, the trial court stated that:

> Plaintiff asserted claims against [FMC] for breach of contract and negligence. Defendants request summary judgment on the breach of contract claim as [FMC] did not enter any contract with CNT Construction, rather [FMC] contracted with Angela Bailey only.  Plaintiff failed to oppose the motion for summary judgment as to the breach of contract claim.  The court hereby finds that [FMC] did not breach a contract with CNT

Construction as the parties never entered a contract and hereby grants summary judgment in favor of [FMC] on the breach of contract claim. The court further finds that defendant [FMC] is entitled to judgment as a matter of law on the negligence claim. To establish a claim for negligence there must be the existence of a duty on the part of the defendant. *Stamper v. Par-Ruchman Home Town Motor Sales, Inc.* (1971), 25 Ohio St.2d 1. Plaintiff argues that there is an implied duty contained in the HUD contract and that defendant breached that duty by making the check payable to Angela Bailey only. However, the HUD contract specifically provides that [FMC] may make the check in question payable to "the borrower and/or the contractor," thereby authorizing freedom mortgage to make the check payable to Angela Bailey only. Rehabilitation Loan Agreement Para. 4. Plaintiff may not imply a duty to make the check payable to both CNT Construction and Angela Bailey when there is a specific provision in the contract allowing [FMC] to make the check payable to Angela Bailey only. The court finds that no genuine issues of material fact remain to be litigated and hereby grants summary judgment in favor of the defendant [FMC].

{¶20} We agree with the trial court. There is no contract between appellants and FMC. In fact, in their brief in opposition, appellants conceded that they were not a party to a contract with FMC. Rather, the only contract appellants entered into was with Bailey. Under this agreement, Bailey and appellants agreed that it is Bailey's responsibility to compensate appellants for the work performed.

{¶21} It is also undisputed that FMC did not owe appellants any duty, as no contract existed between appellants and FMC. In order to be held liable for negligence, there must be existence of duty and a breach of that duty. *Manifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). Appellants argue that Paragraph 4 of the Rehabilitation Loan Agreement between AEM and Bailey is subject to two interpretations, and as a result, there is an issue of fact. However, the language in the paragraph is not subject to two interpretations. The loan agreement specifically

provides that the "Lender shall release the escrowed funds by check, payable to the Borrower and/or the contractor or other appropriate payee who performed the work[.]" The use of the phrase "and/or" in paragraph 4 does not suggest two interpretations. Rather, it indicates that the lender can choose between either the borrower or the contractor or both of them. "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 374 N.E.2d 146[.]" *Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc.*, 15 Ohio St.3d 321, 322, 474 N.E.2d 271 (1984).

{¶22} Based on the foregoing, we find that there is no genuine issue of material fact and the trial court properly granted summary judgment in FMC's favor.

{¶23} Thus, the first assignment of error is overruled.

<u>AEM</u>

{¶24} In the second assignment of error, appellants argue that the trial court erred when it granted summary judgment in AEM's favor because substantial, unresolved disputed facts existed. In support of their argument, appellants rely on the summary judgment standard of review and testimony of Bailey and Ficklin. The trial court, however, did not grant AEM summary judgment. Rather, in April 2010, AEM filed a motion to dismiss pursuant to Civ.R. 12(B)(6), which the trial court granted in September 2010.

**{¶25}** In its motion to dismiss, AEM argued it owed no duty to appellants because FMC was responsible for distributing the remaining payments to Bailey. AEM further argued that appellants' breach of contract must also fail because they do not identify any contract between AEM and appellants.

**{¶26}** In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975).

> In resolving a Civ.R. 12(B)(6) motion, a court's factual review is confined to the four corners of the complaint. Within those confines a court presumes all factual allegations in the complaint are true, and all reasonable inferences from those facts are made in favor of the non-moving party. *Fahnbulleh v. Strahan* (1995), 73 Ohio St.3d 666, 653 N.E.2d 1186; *Krause v. Case Western Reserve Univ.*, (Dec. 19, 1996), Cuyahoga App. No. 70526.

*Grady v. Lenders Interactive Servs.*, 8th Dist. No. 83966, 2004-Ohio-4239, ¶ 6.

**{¶27}** In the instant case, appellants seek to reverse the trial court's judgment based on Bailey and Ficklin's testimony and the terms of the loan agreement. However, appellants did not attach or incorporate the loan agreement and the transcripts to their complaint. As such, we cannot rely on this information for the purposes of AEM's motion to dismiss.

{¶28} Based on the facts contained in appellants' complaint, AEM entered into a contract with Bailey only. AEM sold the loan to FMC, who was then required to finance the loan and make the payments. FMC issued the remaining payments. Accepting these allegations as true, we conclude that appellants did not enter into a contract with AEM, and thus, AEM did not breach any contract. We further conclude that AEM could not have committed any negligence because it did not owe appellants a duty once it sold the mortgage to FMC.

{¶29} Therefore, the second assignment of error is overruled.

### Case No. CV-671460

{¶30} In the seventh, eighth, and eleventh assignments of error, appellants challenge orders in their original case, Case No. CV-671460. This court, however, cannot address these assignment of error. As we stated in appellants' first appeal, under "App.R. 4(A) and 12(A)(1)(a), appellants cannot appeal from any decision the trial court entered in CV-671460 because their notice of appeal does not refer to it, and an appeal from that case would not have been timely filed. *Bosco v. Euclid* (1974), 38 Ohio App.2d 40, 311 N.E.2d 870." *CNT Constr.,* at ¶ 14.

{¶31} Thus, the seventh, eighth, and eleventh assignments of error are overruled.

{¶32} Accordingly, judgment is affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
JAMES J. SWEENEY, J., CONCUR