JOURNAL ENTRY and OPINION
{¶ 1} Richard K. Jacob,[1] one of the heirs to the estate of John Jacob, appeals from Probate Court orders (1) granting the motion of the executor, William Fadel, for authority to manage the real property of the estate and (2) overruling appellant's motion to remove the executor.[2]
Appellant urges that the court erred and abused its discretion by granting the executor managerial authority over the property for the purpose of selling it, because the managerial authority permitted by the statute is limited to rental of estate property, collection of rent, and payment of taxes due on the property. Appellant also contends that the court erred and abused its discretion by denying his motion to remove the executor. We find no error in the proceedings below and affirm the probate court's judgment.
 Procedural History {¶ 2} The decedent, John Jacob, died testate on July 24, 2003. The executor named in his will, his nephew, William Fadel, applied to administer his estate on October 14, 2003. The will was admitted to probate and Fadel was appointed executor.
 {¶ 3} An inventory and appraisal was filed January 30, 2004. It indicated that the estate was valued at $518,370.08, and was largely comprised of three pieces of real property, residential property located at 3237 Kersdale Road, Pepper Pike, Ohio, a medical center located at 3655 Lee Road, Shaker Heights, Ohio, and land located at 4420 Lee Road, Shaker Heights, Ohio.
 {¶ 4} On May 10, 2004, the executor moved the court for authority to take over management of the real estate. Appellant, together with his brother John Jacob, Jr., immediately filed a motion for removal of the executor on May 18, 2004.
 {¶ 5} On August 3, 2004, a magistrate conducted a hearing on the motion for authority to manage real estate. No transcript of this proceeding was made. The magistrate filed his report on August 19, 2004, recommending that the court grant the motion. The magistrate determined that two of the four heirs, Richard and John Jacob, had keys to the premises; the executor did not. Richard and John Jacob resided at the Kersdale Road property, and Richard Jacob used the medical center building as his business office. According to the magistrate, Richard Jacob stated at the hearing that he would not allow a real estate agent to appraise the properties until after all the matters before the probate court had been settled.
 {¶ 6} The magistrate determined that the estate's debts exceeded available funds. In order to generate the income to pay the debts, the executor would need to lease or sell the property. The magistrate concluded that to allow Richard and John Jacob to continue to use the properties without payment of rent or sale of the real estate would cause a loss to the other two heirs, and would unnecessarily delay the administration of the estate. He therefore recommended that the court grant the motion. The court overruled appellant's objections, adopted the magistrate's report, and granted the executor's motion to manage the real property.
 {¶ 7} On August 31, 2004, the magistrate held a hearing on the motion to remove the executor. A transcript of this proceeding was made and is included in the record. The magistrate's report filed October 4, 2004, determined that appellant had failed to provide clear and convincing evidence that the executor's actions were harmful to the estate, or that the executor should be removed for neglect of duty, incompetency, fraudulent conduct, or because the interests of the trust demands it. The magistrate further held that appellant provided no evidence that there were unsettled claims between the executor and the estate. Therefore, the magistrate recommended that the court deny the motion to remove the executor. The court overruled appellant's objections, adopted the magistrate's report, and denied appellant's motion to remove the executor.
 {¶ 8} Appellant now appeals from these rulings.
 Law and Analysis {¶ 9} In his first assigned error, appellant contends that the court erred by granting the executor authority to manage the real estate for purposes of preparing it for sale. He argues that the statute allowing an executor to request authority to manage real estate is limited to rental of the premises, collection of the rents, and payment of taxes due, and that the executor did not seek any of these powers. We disagree.
 {¶ 10} R.C. 2113.311 provides that:
 {¶ 11} "(A) If, within a reasonable time after the appointment of the executor or administrator, no one in authority has taken over the management and rental of any real estate of which the decedent died seized, the executor or administrator, or an heir or devisee may, unless the will otherwise provides, make application to the probate court for an order authorizing the executor or administrator to assume such duties.
 {¶ 12} "* * *
 {¶ 13} "(B) In the exercise of such authority, the executor or administrator shall be authorized to do the following:
 {¶ 14} "(1) Collect rents;
 {¶ 15} "(2) From the rents collected:
 {¶ 16} "(a) Pay all taxes and assessments due on such real estate and all such usual operating expenses in connection with the management thereof;
 {¶ 17} "(b) Make repairs when necessary to preserve such real estate from waste, provided that an order of the court shall first be obtained if the cost of such repairs exceeds one hundred dollars;
 {¶ 18} "(c) Insure buildings against loss by fire or other casualty and against public liability;
 {¶ 19} "(3) Advance money upon an order first obtained from the court, for such repairs, taxes, insurance, and all usual operating expenses, which shall be a charge on such real estate;
 {¶ 20} "(4) Rent the property on a month to month basis, or, upon an order first obtained from the court, for a period not to exceed one year;
 {¶ 21} (5) Prosecute actions for forcible entry and detention of such real estate."
 {¶ 22} The power to manage real property as described in R.C. 2113.311
plainly goes beyond collection of rents and payment of taxes, and includes, among other things, the power to make repairs, insure the premises, and to prosecute actions for forcible entry and detainer. While the executor has suggested that sale of the premises will be necessary to pay debts of the estate, we cannot agree with appellant that the executor does not seek or require the immediate power to pay operating expenses, repair the premises, insure them, rent them, and if necessary evict the occupants, pending either transfer of the property to the heirs or court authorization to sell the property pursuant to R.C. Chapter 2127. Therefore, we overrule the first assignment of error.
 {¶ 23} Second, appellant argues that the court erred and abused its discretion by denying his motion to remove the executor. He asserts that the magistrate and the court erred by finding no evidence of any unsettled claims between the executor and the estate, because the evidence showed that there was an existing suit between the executor and appellant. Appellant testified that the executor sought to evict him from both his home and his office. He further testified that after the eviction proceeding was dismissed, he filed an action in the common pleas court alleging that the executor and his counsel breached fiduciary duties to appellant and caused him emotional distress. Appellant is not the "estate" however, and he is not acting on behalf of all of the heirs in challenging the executor's actions. Cf. In re Nardiello, Franklin App. No. 01AP-281, 2001-Ohio-4080. Therefore, the court's determination that there was no evidence of an unsettled claim between the executor and the estate was not contrary to the evidence or an abuse of discretion. Accordingly, we overrule the second assignment of error and affirm the probate court's judgments.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, probate court division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J. and Gallagher, J. Concur.
[1] Although the briefs appellant has filed with this court state that they are filed on behalf of Richard K. Jacob and John Jacob, the notice of appeal was filed solely by Richard Jacob. Therefore, Richard Jacob is the only appellant in this case.
[2] The notice of appeal filed December 8, 2004 suggests that the court overruled appellant's motion to remove the executor in a judgment entry dated December 7, 2004. This judgment entry is not attached to the notice of appeal, nor does it appear in the record. However, a judgment entry overruling appellant's motion to remove the executor was filed December 16, 2004. In accordance with App. R. 4(C), we will treat this appeal as having been filed immediately after the court entered its order overruling the motion to remove the executor.