[Cite as *Blue v. Murray*, 2020-Ohio-4218.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MARIO D. BLUE, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 108971 |
| v. | : | |
| CHELSEA T. MURRAY, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 27, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-919792

*Appearances:*

Mario D. Blue, *pro se.*

RAYMOND C. HEADEN, J.:

{¶ 1} Plaintiff-appellant Mario D. Blue ("Blue") appeals from the trial court's sua sponte dismissal of his claims against defendant-appellee Chelsea T. Murray ("Murray"). For the reasons that follow, we affirm.

**Procedural and Substantive History**

{¶ 2} On August 14, 2019, Blue filed a pro se complaint against Murray. The complaint alleged that Murray had executed a contract with Blue and included allegations of identity theft, invasion of privacy, and breach of contract. The alleged contract that Blue references appears to be a certified letter he sent to Murray and subsequently attached to the complaint. In this letter, Blue requested that Murray send him a copy of her completed application for child support services that she submitted to the Cuyahoga County Child Support Enforcement Agency ("the agency"). Finally, the complaint alleged that Murray's breach of the contract resulted in Blue suffering $26,800 in damages. In addition to attaching his letter to the complaint, Blue also attached an unidentified document that appears to be a record of Blue's transactions with the agency. Murray did not file an answer.

{¶ 3} On September 5, 2019, the trial court sua sponte dismissed Blue's claims with prejudice pursuant to Civ.R. 12(B)(1) and 12(B)(6). In its journal entry dismissing the case, the court stated that Blue failed to state claims upon which relief can be granted, and further, the court lacked subject matter jurisdiction to interpret or adjust the agency's child support orders because "this is not an administrative appeal from those orders."

{¶ 4} Blue appeals, presenting one assignment of error for our review.

**Law and Analysis**

{¶ 5} In his sole assignment of error, Blue asserts that the trial court erred and abused its discretion in not honoring contract law. We disagree.

{¶ 6} As an initial matter, we note that Blue's brief fails to conform to App.R. 16(A)(7), which requires the argument section of an appellant's brief to contain "the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Blue's brief fails to cite to the record in this case. Additionally, Blue's brief misstates the procedural posture of the case and appears to be based on either a misunderstanding or mischaracterization of the relevant law.

{¶ 7} Generally, a sua sponte dismissal pursuant to Civ.R. 12(B)(6) is appropriate only where the court has provided the parties notice and an opportunity to respond. *MBNA Am. Bank, N.A. v. Canfora*, 9th Dist. Summit No. 23588, 2007-Ohio-4137, ¶ 7, citing *Dunn v. Marthers*, 9th Dist. Lorain No. 05CA008838, 2006-Ohio-4923, ¶ 11. This is only appropriate when the complaint is frivolous or the plaintiff cannot succeed on the facts stated in the complaint. *Id.*

{¶ 8} In both the complaint Blue filed in the trial court and his brief to this court, he appears to be arguing that he entered into a contract with Murray, evidenced by a certified letter, and that Murray breached this alleged contract by failing to respond to this communication.

{¶ 9} Initiating correspondence with a person or entity, by certified letter or other means, does not establish a valid contract. Further, even if Blue were able to establish that he and Murray were parties to a binding contract, he is unable to establish that Murray somehow breached this nonexistent contract. With respect to

his claims for invasion of privacy and identity theft, nothing in the complaint or attached thereto provides factual or legal support for these allegations. In his argument to this court, Blue suggested that Murray provided his personal information to the agency without his consent. Nothing in the record supports this suggestion.

{¶ 10} The allegations in Blue's complaint were minimal and he did not set forth sufficient facts to support his claims, let alone facts on which his claims could succeed. Therefore, the trial court appropriately dismissed Blue's claims against Murray.

{¶ 11} Although Blue attempted to bring a suit for breach of contract, identity theft, and invasion of privacy, it appears that this suit is one of several attempts to challenge a 2017 child support order naming Blue as obligor and ordering him to pay child support.[1] In the letter Blue attached to the underlying complaint in this case, he appears to question his child support obligations and Murray's status as child support obligee. Blue maintains on appeal that he has no child support obligation, and moreover, he has argued to this court that Murray provided his personal information to the agency without his consent.

---

[1] Blue previously filed four separate original actions against Cuyahoga County Juvenile Court Judge Michael J. Ryan requesting writs of mandamus and prohibition and seeking declaratory judgment and permanent injunction. This court dismissed the cases. *Blue v. Ryan*, 8th Dist. Cuyahoga Nos. 106166, 106180, 106181, and 106182, 2017-Ohio-8072, ¶ 9. Additionally, approximately one month before initiating the instant case against Murray, Blue filed a separate case against multiple agency employees in their individual capacity, alleging similar contractual claims. That appeal is currently pending before this court (*Blue v. McGuire*, 8th Dist. Cuyahoga No. 108891).

**{¶ 12}** While we are mindful that Blue is not to be afforded special status because he is a pro se appellant, we believe that a brief discussion of the apparent context of this case would both provide clarity and perhaps prevent additional misguided litigation. We acknowledge that our review is confined to the record in this case, and because this is not an appeal from a child support order, the record does not include such an order.[2] Therefore, anything pertaining to a child support order has no bearing on the outcome of this appeal. We note, though, that a cursory review of juvenile court record reveals that there exists a child support order naming Blue as the obligor.

**{¶ 13}** To the extent that Blue wished to challenge either the existence or the validity of this order, or the procedures by which this order came to be, the only appropriate method for doing so was to appeal from that order. Initiating new lawsuits in a roundabout attempt to challenge a child support order is both inappropriate and will continue to prove unsuccessful.

**{¶ 14}** In light of the foregoing, we direct Blue's attention to Loc.App.R. 23. In accordance with R.C. 2323.52, that rule authorizes this court to sua sponte find a party to be a vexatious litigator and impose appropriate sanctions. Under Loc.App.R. 23, a vexatious litigator is one who "habitually, persistently, and without reasonable cause engages in frivolous conduct" such as filing an appeal or original

---

[2] One of several documents that Blue attached to his complaint appears to be a transaction history of Blue relating to his child support obligations, however, that document is not a child support order itself. Moreover, to the extent that Blue has argued that he is unaware of a valid child support order, this unidentified attachment would tend to undermine this argument.

action that is "not reasonably well-grounded in fact, or warranted by existing law, or by a good faith argument for the extension, modification, or reversal of existing law."

{¶ 15} We are mindful that Blue has continuously taxed the limited resources of this court and other courts. Further, as discussed above, even viewed in the light most favorable to Blue, his filings are neither grounded in fact nor warranted by existing law. Blue is hereby warned that his continued filing of appeals or original actions that are not reasonably grounded in fact or warranted by law shall result in his being declared a vexatious litigator pursuant to Loc.App.R. 23(B).

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____ _____
RAYMOND C. HEADEN, JUDGE

PATRICIA ANN BLACKMON, P.J., and
EILEEN A. GALLAGHER, J., CONCUR