[Cite as *Blue v. McGuire*, 2020-Ohio-4292.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MARIO D. BLUE,                          :

    Plaintiff-Appellant,           :

                                     No. 108891

    v.                             :

FAYE A. MCGUIRE, ET AL.,                :

    Defendants-Appellees.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 3, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-19-917838, CV-19-917840, and CV-917961

---

### *Appearances:*

Mario D. Blue, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brian R. Gutkowski, Assistant Prosecuting Attorney, *for appellees.*

RAYMOND C. HEADEN, J.:

{¶ 1} Plaintiff-appellant Mario D. Blue ("Blue") appeals from the trial court's judgment granting defendants-appellees Faye A. McGuire, Reginald T.

Davis, and Kevin Gowan's (collectively, "Defendants") motion to dismiss. For the reasons that follow, we affirm.

## Procedural and Substantive History

{¶ 2} On July 8, 2019, Blue filed a pro se complaint against Defendants. The complaint alleged that Defendants had executed a contract with Blue. The alleged contract Blue references appears to be a certified letter he sent to Defendants and subsequently attached to the complaint. The complaint also alleged that Defendants breached the terms of the contract, resulting in Blue suffering $26,800 in damages. All three defendants are employees of Cuyahoga County Job and Family Services in the Office of Child Support Services ("the agency").

{¶ 3} On July 26, 2019, Defendants filed a motion to dismiss all claims against them pursuant to Civ.R. 12(B)(6). On August 1, 2019, Blue filed a "motion to deny dismissal motion."

{¶ 4} On August 9, 2019, the trial court granted Defendants' motion to dismiss. Blue appeals, presenting one assignment of error for our review.

## Law and Analysis

{¶ 5} In his sole assignment of error, Blue asserts that the trial court erred and abused its discretion in not honoring his constitutional right to due process. We disagree.

{¶ 6} We apply a de novo standard of review to a decision on a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. *Caraballo v. Cleveland Metro. School Dist.*, 8th Dist. Cuyahoga

No. 99616, 2013-Ohio-4919, ¶ 6, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136. Therefore, we independently review the record and afford no deference to the trial court's decision. *Id.*, citing *Herakovic v. Catholic Diocese of Cleveland*, 8th Dist. Cuyahoga No. 85467, 2005-Ohio-5985, ¶ 13.

**{¶ 7}** For a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975). In reviewing a Civ.R. 12(B)(6) motion to dismiss, a court's factual review is confined to the four corners of the complaint. *Grady v. Lenders Interactive Servs.*, 8th Dist. Cuyahoga No. 83966, 2004-Ohio-4239, ¶ 6.

**{¶ 8}** As an initial matter, we note that Blue's appellate brief fails to conform with App.R. 16(A)(7), which requires the argument section of an appellant's brief to contain "the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Blue's brief fails to cite to the record in this case. Additionally, Blue's brief misstates the procedural posture of the case and appears to be based on either a misunderstanding or mischaracterization of the relevant law.

{¶ 9} In both the complaint Blue filed in the trial court and his brief to this court, he appears to be arguing that he entered into a contract with Defendants, evidenced by a certified letter, and that Defendants breached this alleged contract by failing to respond to this communication. In his complaint, Blue stated that his purpose in "executing a contract" with Defendants was to "[request] proof or competent evidence" that he gave consent to "a collection agency"[1] to collect on "an alleged debt." As the trial court correctly pointed out in its opinion dismissing the case, there is no evidence that Blue and any of the defendants were parties to a contract. Initiating correspondence with a person or entity, by certified letter or other means, does not establish a valid contract. Further, even if Blue were able to establish that he and any of the defendants were parties to a binding contract, he is unable to establish that Defendants somehow breached this nonexistent contract. Therefore, the trial court appropriately granted Defendants' motion to dismiss.

{¶ 10} Although Blue attempted to bring a suit for breach of contract, it appears that this suit is one of several attempts to challenge a 2017 child support order naming Blue as obligor and ordering him to pay child support.[2] In the letter

---

[1] While it is not directly relevant to Blue's appeal, it is worth noting, as the trial court noted in its opinion, that the agency is not a third-party collection agency as Blue apparently asserts, but is in fact a government agency engaged in government functions. *See Field v. Summit Cty. Child Support Enforcement Agency*, 2016-Ohio-7026, 72 N.E.3d 165 (9th Dist.).

[2] Blue previously filed four separate original actions against Cuyahoga County Juvenile Court Judge Michael J. Ryan requesting writs of mandamus and prohibition and seeking declaratory judgment and permanent injunction. This court dismissed the cases. *Blue v. Ryan*, 8th Dist. Cuyahoga Nos. 106166, 106180, 106181, and 106182, 2017-Ohio-8072, ¶ 9. Additionally, approximately one month after initiating the instant case against

Blue attached to the underlying complaint in this case, he appears to question his child support obligations and, therefore, the authority of Defendants to attempt to ensure he satisfies those obligations. Blue maintains on appeal that he has no child support obligation.

{¶ 11} While we are mindful that Blue is not to be afforded special status because he is a pro se appellant, we believe that a brief discussion of the apparent context of this case would both provide clarity and perhaps prevent additional misguided litigation. We acknowledge that our review is confined to the record in this case, and because this is not an appeal from a child support order, the record does not include such an order. Therefore, anything pertaining to a child support order has no bearing on the outcome of this appeal. We note, though, that a cursory review of juvenile court record reveals that there exists a child support order naming Blue as the obligor.

{¶ 12} To the extent that Blue wished to challenge either the existence or the validity of this order, on constitutional grounds or otherwise, the only appropriate method for doing so was to appeal from that order. Initiating new lawsuits in a roundabout attempt to challenge a child support order is both inappropriate and will continue to prove unsuccessful.

---

Defendants, Blue filed a separate case against the child support obligee, Chelsea T. Murray. Blue alleged similar contractual claims in that case, and this court affirmed the trial court's sua sponte dismissal of those claims, *Blue v. Murray*, 8th Dist. Cuyahoga No. 108971, 2020-Ohio-4218.

{¶ 13} In light of the foregoing, we direct Blue's attention to Loc.App.R. 23. In accordance with R.C. 2323.52, that rule authorizes this court to sua sponte find a party to be a vexatious litigator and impose appropriate sanctions. Under Loc.App.R. 23, a vexatious litigator is one who "habitually, persistently, and without reasonable cause engages in frivolous conduct" such as filing an appeal or original action that is "not reasonably well-grounded in fact, or warranted by existing law, or by a good faith argument for the extension, modification, or reversal of existing law." Defendants urge us to find Blue a vexatious litigator pursuant to Loc.App.R. 23.

{¶ 14} We are mindful that Blue has not only continuously taxed the limited resources of this court and other courts, he has initiated legal proceedings against agency employees in their individual capacity. Further, as discussed above, even viewed in the light most favorable to Blue, his filings are neither grounded in fact nor warranted by existing law. Blue is hereby warned that his continued filing of appeals or original actions that are not reasonably grounded in fact or warranted by law shall result in his being declared a vexatious litigator pursuant to Loc.App.R. 23(B).

{¶ 15} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____   _____

RAYMOND C. HEADEN, JUDGE

SEAN C. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR