[Cite as *Crenshaw v. Mooningham*, 2024-Ohio-1470.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MARIAH CRENSHAW,                            :

    Plaintiff-Appellant,            :

                                                         No. 112835

    v.                                 :

CHELSEY MOONINGHAM,                         :

    Defendant-Appellee.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 18, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-956163

***Appearances:***

Mariah Crenshaw, *pro se*.

Edwin V. Hargate III, *for appellee*.

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant Mariah Crenshaw ("Crenshaw") challenges the judgment of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of appellee Chelsea Mooningham ("Mooningham") on Crenshaw's claims for defamation, intentional infliction of emotional distress, telephone harassment, and

spoliation of evidence.  After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} This matter arises from statements made by Mooningham in social media posts that Crenshaw alleges were defamatory to her, intentionally caused her emotional distress, and constituted telephone harassment.  Crenshaw filed suit against Mooningham, and the parties engaged in discovery.  Crenshaw later moved the court to amend her complaint to include a claim for spoliation of evidence, which was granted by the trial court, and Mooningham answered.

{¶ 3} Both parties filed motions for summary judgment.  The court denied Crenshaw's motion and granted Mooningham's, finding that no genuine issues of material fact remained and that Mooningham was entitled to judgment as a matter of law.

{¶ 4} Crenshaw then filed the instant appeal, raising one assignment of error for our review:

> The trial court erred and abused its discretion in granting a motion for summary judgment in violation of discovery civil rules, Civ.R. 56 requirements and evidentiary rules without having the ability to review all social media posts.

## II. Law and Analysis

{¶ 5} In her sole assignment of error, Crenshaw contends that she properly identified the "multiple issues and violations" in her complaint and brief opposing the motion for summary judgment that the trial court failed to consider.  She

maintains that she presented to the trial court social media posts along with her affidavit under Civ.R. 56. She further asserts that an evidentiary conflict exists between Mooningham's discovery responses and her summary judgment motion, which raises a genuine issue of material fact.

{¶ 6} We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998), the Supreme Court of Ohio set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.,* 73 Ohio St.3d 679, 653 N.E.2d 1196 [(1995)], paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 [(1996)].

{¶ 7} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein,* 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996). Doubts must be resolved

in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶ 8} Crenshaw alleged in her amended complaint that Mooningham "posted numerous slanderous, libelous, and defaming statements on social media multiple times a day with intent to harass, annoy, and embarass [sic] the Plaintiff in violation of R[.]C[.] 2739.01." Crenshaw stated that Mooningham posted Crenshaw's court cases, home address, and financial information on social media to harass, bully, and humiliate Crenshaw and has posted case information and court dates, and called an unidentified member of Crenshaw's family a "murderer." Crenshaw claimed that Mooningham's actions have caused her extreme emotional and psychological damages, affected her earning capacity and reputation, and caused her to seek mental health counseling. Crenshaw sought damages in excess of $400,000 plus "all court costs and fees associated with this action."

{¶ 9} Mooningham's motion for summary judgment asserted that no genuine issues of material fact remained for trial because (1) Crenshaw failed to identify any libelous or slanderous statements; (2) Crenshaw cited the incorrect legal elements for a telephone harassment claim; and (3) Crenshaw had no material facts to support her claim for spoliation.

{¶ 10} In response to Mooningham's motion for summary judgment, Crenshaw presented arguments relating to the admissibility of Mooningham's exhibits and noted that Mooningham did not deny that she was the author of the posts or refuted the content. She further raised assertions relative to Mooningham's

counsel and the truthfulness of statements made in court filings and during phone conferences with the court.

## A. Defamation

{¶ 11} Defamation, which includes both slander and libel, is the "publication [of] a false statement 'made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession.'" *Jackson v. Columbus*, 117 Ohio St.3d 328, 2008-Ohio-1041, 883 N.E.2d 1060, ¶ 9, quoting *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 7, 651 N.E.2d 1283 (1995).

{¶ 12} To prevail on a defamation claim, a plaintiff must prove that (1) a false statement of fact, (2) about the plaintiff, (3) was published to a third party, (4) with the requisite degree of fault on the part of the defendant, and (5) the statement was either defamatory per se or was defamatory per quod, causing special harm to the plaintiff. *See, e.g., Geletka v. Radcliff*, 8th Dist. Cuyahoga No. 110988, 2022-Ohio-2497, ¶ 31; *Lograsso v. Frey*, 2014-Ohio-2054, 10 N.E.3d 1176, ¶ 13 (8th Dist.); *Garofolo v. Fairview Park*, 8th Dist. Cuyahoga Nos. 92283 and 93021, 2009-Ohio-6456, ¶ 17.

{¶ 13} In Mooningham's motion for summary judgment, she argued that Crenshaw "has failed to identify in her complaints or other pleadings what these libelous or slanderous statements are." As noted by Mooningham, some of the statements cited do not even pertain to Crenshaw.

{¶ 14} Crenshaw did not specifically identify the alleged defamatory statements in her amended complaint, nor did she present any evidence regarding the statements with her brief in opposition to Mooningham's motion for summary judgment. Crenshaw asserts in her brief that she attached the defamatory social media posts to her own motion for summary judgment, along with her affidavit.

{¶ 15} Crenshaw does not set forth any specifics about each statement, particularly how they were defamatory. Simply attaching the posts and stating in an affidavit that they were slanderous and libelous is insufficient. An affidavit submitted on summary judgment must contain more than general, conclusory assertions to create a genuine issue of material fact for trial:

> "'Generally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party.'"

*Jochum v. Listati*, 8th Dist. Cuyahoga No. 106957, 2019-Ohio-166, ¶ 19, quoting *Davis v. Cleveland*, 8th Dist. Cuyahoga No. 83665, 2004-Ohio-6621, ¶ 23, quoting *Bell v. Beightler*, 10th Dist. Franklin No. 02AP-569, 2003-Ohio-88, ¶ 33. Crenshaw presented no evidence to demonstrate how the claimed statements were defamatory or, in some cases, that they even pertained to her, and it is not the duty of this court to root out Crenshaw's claims and find evidence in support thereof.

{¶ 16} Crenshaw has failed to demonstrate genuine issues of material fact relating to her defamation claim; thus, the trial court properly granted summary judgment on this claim.

## B. Intentional Infliction of Emotional Distress

{¶ 17} To establish an intentional infliction of emotional distress claim, the plaintiff must demonstrate that (1) the defendant intended to cause the plaintiff serious emotional distress; (2) the defendant's conduct was extreme and outrageous; and (3) the defendant's conduct was the proximate cause of plaintiff's serious emotional distress. *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 410, 644 N.E.2d 286 (1994). Extreme and outrageous conduct is conduct that goes beyond all possible bounds of decency and is so atrocious that it is "utterly intolerable in a civilized community." *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 375, 453 N.E.2d 666 (1983). "Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" are insufficient to sustain a claim for relief." *Id.*

{¶ 18} Even if we were to find that Crenshaw's allegations created a genuine issue of material fact regarding Mooningham's conduct, we note that a claim for intentional infliction of emotional distress also requires proof "that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable person could be expected to endure it." *Burks v. Torbert*, 8th Dist. Cuyahoga No. 91059, 2009-Ohio-486, ¶ 19. A plaintiff may prove severe and debilitating emotional injury through the testimony of an expert or lay witnesses acquainted with the plaintiff who have observed significant changes in the emotional or habitual makeup of the

plaintiff. *Id*. at ¶ 20. A self-serving affidavit, however, is insufficient to overcome summary judgment as to this element of intentional infliction of emotional distress. *Id*. at ¶ 20, citing *Jacob v. Fadel*, 8th Dist. Cuyahoga No. 86920, 2006-Ohio-5003, ¶ 13. The record reveals that Crenshaw's infliction of emotional distress claim fails due to this deficiency.

{¶ 19} We find no error in the trial court's decision to grant summary judgment on Crenshaw's intentional infliction of emotional distress claim.

### C. Telephone Harassment

{¶ 20} R.C. 2917.21 is a criminal statute, which states, "No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person."

{¶ 21} R.C. 2307.60 creates a civil cause of action for damages resulting from any criminal act, unless otherwise prohibited by law. *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 6, 10, 12-13; R.C. 2307.60(A)(1) ("Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.").

{¶ 22} As used in R.C. 2917.21, "[t]elecommunication" is "the origination, emission, dissemination, transmission, or reception of data, images, signals, sounds, or other intelligence or equivalence of intelligence of any nature over any communications system by any method, including, but not limited to, a fiber optic, electronic, magnetic, optical, digital, or analog method." R.C. 2913.01(X); 2917.21(G)(3).

{¶ 23} A "telecommunications device" is "any instrument, equipment, machine, or other device that facilitates telecommunication, including, but not limited to, a computer, computer network, computer chip, computer circuit, scanner, telephone, cellular telephone, pager, personal communications device, transponder, receiver, radio, modem, or device that enables the use of a modem." R.C. 2913.01(Y); 2917.21(G)(3). R.C. 2917.21 does not define "abuse," "threaten" or "harass." *But see In re C.W.*, 1st Dist. Hamilton Nos. C-180677 and C-180690, 2019-Ohio-5262, ¶ 16 (noting that "[h]arassment" has been generally defined as "'[w]ords, conduct, or action ([usually] repeated or persistent) that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress in the person and serves no legitimate purpose'"), quoting *State v. Ellison*, 178 Ohio App.3d 734, 2008-Ohio-5282, 900 N.E.2d 228, ¶ 14 (1st Dist.), citing Black's Law Dictionary, 733 (8th Ed.Rev.2004).

{¶ 24} Crenshaw alleged in her amended complaint that (1) Mooningham has posted and circulated on social media Crenshaw's court cases, home address, and financial information in a campaign designed to harass, bully, and humiliate

Crenshaw without due cause or provocation; (2) Crenshaw has blocked Mooningham but she has found a way to stalk Crenshaw's social media page and continues to post defaming content on her social media page about Crenshaw and her family; and (3) Mooningham's conduct has been nonstop harassment, bullying and intimidation and in violation of Ohio Revised Code 2917.21(B)(1).

{¶ 25} Crenshaw seemingly did not present any arguments regarding her telecommunications harassment claim in her brief in opposition to Mooningham's motion for summary judgment. In support of her brief, she submitted discovery responses from Mooningham along with Crenshaw's affidavit — neither of which provide any further support for the telecommunications harassment claim. We cannot find that Crenshaw has demonstrated that any genuine issues of material fact remain with regard to this claim, and summary judgment was properly granted.

### D. Spoliation of Evidence

{¶ 26} In her amended complaint, Crenshaw states that she "seeks spoliation damages for the intentional and willful removal and deletion of [Mooningham]'s social media posts [that were] removed, deleted, and[/]or destroyed * * * ."

{¶ 27} To establish a claim for spoliation of evidence, a plaintiff must prove the following: (1) pending or probable litigation involving the plaintiff, (2) that the defendant knew that litigation exists or is probable, (3) willful destruction of evidence by the defendant designed to disrupt the plaintiff's case, (4) actual disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's actions. *Elliott-Thomas v. Smith*, 154 Ohio St.3d 11, 2018-Ohio-1783,

¶ 10, citing *Smith v. Howard Johnson Co.*, 67 Ohio St.3d 28, 29, 615 N.E.2d 1037 (1993).

{¶ 28} In her brief in opposition to Mooningham's motion for summary judgment, Crenshaw appeared to argue that Mooningham had deleted social media posts based upon the fact that Mooningham conveyed to the trial court that the posts were no longer in her custody, control, or possession. At oral argument, Crenshaw admitted that she had not subpoenaed Facebook to obtain the posts in order to demonstrate any such deletion.

{¶ 29} Further, Crenshaw notes that she has "duplicated/captured the posts by screen shooting [sic] them * * * ."[1] Consequently, it would appear that Crenshaw is still in possession of the evidence she claims has been spoliated.

{¶ 30} Crenshaw seems to assert that Mooningham cannot argue any asserted defenses to the claims without being able to produce the original social media posts. This argument is without merit, though, because the fact that Mooningham could have difficulty maintaining a defense does not equate to a disruption of Crenshaw's case.

{¶ 31} Crenshaw has not presented any evidence that Mooningham willfully destroyed any evidence. Crenshaw herself still has evidence of the posts in question, and her case has not been disrupted. Consequently, Crenshaw cannot demonstrate

---

[1] At oral argument, Crenshaw maintained that she had screenshotted some, but not all, of the posts.

a claim for spoliation of evidence, and the trial court properly granted summary judgment on this claim.

## E. Vexatious Litigator

{¶ 32} R.C. 2323.52(A)(3), Ohio's vexatious litigator statute, defines a vexatious litigator as

> any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. * * *

{¶ 33} R.C. 2323.52(A)(2) defines "vexatious conduct" as conduct of a party in a civil action that constitutes any of the following:

> (a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.
>
> (b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
>
> (c) The conduct is imposed solely for delay.

{¶ 34} In accordance with the statute, this court has adopted Loc.App.R. 23. Under division (A) of this rule, this court may determine that "an appeal, original action, or motion is frivolous or is prosecuted for delay, harassment, or any other improper purpose" and impose appropriate sanctions.

{¶ 35} Loc.App.R. 23(B) further provides that a party that "habitually, persistently, and without reasonable cause engages in frivolous conduct under

division (A) of this rule," may be found by this court, sua sponte, to be a vexatious litigator.

{¶ 36} A review of this court's docketing system reveals that Crenshaw has filed 16 appeals and five original actions in this court since 2013, with the majority of filings occurring since 2022. Crenshaw has appealed seven of this court's decisions to the Supreme Court of Ohio, all of which have been dismissed or jurisdiction declined.

{¶ 37} The constitutional right of access to courts guaranteed under Section 16, Article I of the Ohio Constitution is not unfettered. It "does not include the right to impede the normal functioning of judicial processes." (Citation omitted.) *State ex rel. Richard v. Cuyahoga Cty. Bd. of Commrs.*, 100 Ohio App.3d 592, 598, 654 N.E.2d 443 (8th Dist.1995). As of the date of this opinion, eight of this court's judges have had to recuse themselves from actions where Crenshaw is a party, leaving only four judges to handle her numerous filings. By repeatedly filing meritless actions and appeals, Crenshaw has continually taxed the limited and precious resources of this court and the clerk of courts. Exercising our inherent power under Loc.App.R. 23, we, sua sponte, declare Crenshaw a vexatious litigator to prevent any further abuse by her of the judicial process. *See State v. Henderson*, 8th Dist. Cuyahoga No. 100374, 2014-Ohio-2274; *State ex rel. McGrath v. McClelland*, 8th Dist. Cuyahoga No. 97209, 2012-Ohio-157.

{¶ 38} Accordingly, Crenshaw is prohibited from instituting any appeals or original actions, continuing any appeals or original actions, or filing any motions in

any pending appeals or original actions, pro se, in the Eighth District Court of Appeals, without first obtaining leave of this court. She is further prohibited from filing any appeal or original actions, pro se, in the Eighth District Court of Appeals without the filing fee and security for costs required by Loc.App.R. 3(A). *See McGrath.* Any request to file an appeal or original action shall be submitted to the clerk of this court for the court's review.

### III. Conclusion

{¶ 39} The trial court did not err in granting summary judgment on Crenshaw's claims. Crenshaw's sole assignment of error is overruled, and the judgment of the trial court is affirmed. It is further ordered that Mariah Crenshaw be declared a vexatious litigator pursuant to Loc.App.R. 23.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN PARTS AND DISSENTS IN PART
(WITH SEPARATE OPINION)

SEAN C. GALLAGHER, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 40} I fully concur with the majority decision to affirm the judgment of the trial court. However, I would not sua sponte declare Crenshaw a vexatious litigator. Although Crenshaw has filed numerous appeals and original actions, she has had limited success in some instances and this court has found reasonable grounds in others. Nonetheless, Crenshaw's filings have been excessive, and in this case, she lacks adequate support for her claims. As the majority recognizes, Crenshaw has continuously taxed the limited resources of this court and others. At this juncture, I would issue a warning that the continued filing of appeals or original actions that are not reasonably grounded in fact or warranted by law shall result in her being declared a vexatious litigator pursuant to Loc.App.R. 23, and in such event filing restrictions or other sanctions may be imposed as provided in the rule. *See, e.g., Blue v. McGuire*, 8th Dist. Cuyahoga No. 108891, 2020-Ohio-4292, ¶ 13-14 (similar warning issued); *State v. Perry*, 8th Dist. Cuyahoga No. 107596, 2019-Ohio-547, ¶ 12 (giving forewarning of being declared a vexatious litigator pursuant to Loc.App.R. 23); *State v. Keith*, 8th Dist. Cuyahoga Nos. 102106, 102107, and 102108, 2015-Ohio-2401, ¶ 2 (providing fair warning of this court's inherent power to prevent abuse of the appellate process).